HENRY C. WHALEN, Appellant, *v.* FIRST MORTGAGE COMPANY OF AMERICA, Respondent.

First Department, February 14, 1930.

*James Adam Murphy* of counsel [*White & Case*, attorneys], for the appellant.

*Harris Berlack* of counsel [*Stanley H. Fuld* with him on the brief; *Frank Aranow*, attorney], for the respondent.

MARTIN, J.   The complaint alleges that the defendant was formerly known as the Central System Shares Corporation; that prior to November 9, 1927, the Seacoast Mortgage Investment Company, a Delaware corporation, subscribed for the stock of the defendant corporation; that about November 9, 1927, after such subscription, the defendant had and received from plaintiff $20,000 in money and securities under the following conditions: The defendant and the Seacoast Mortgage Investment Company entered into an agreement to refinance mortgages given on real estate in California. The defendant proposed to issue its collateral bonds against such mortgages which were to be purchased from the Seacoast Mortgage Investment Company.   At the request of S. A. Farrell, president of the Seacoast Mortgage Investment Company, the plaintiff furnished the defendant on or about November 9, 1927, $20,000 in money and securities to be applied by defendant on the subscription of the Seacoast Mortgage Investment Company provided and only if defendant carried out its plan with the Seacoast Mortgage Investment Company to refinance mortgages.   There was a further condition that if such plan was not consummated, the $20,000 was to be returned *directly* to the plaintiff.

Attached to the complaint is a letter dated November 9, 1927, which accompanied the delivery of the plaintiff's money and securities to defendant.   This letter states: " We enclose herewith cash and securities to the extent of $20,000 in part payment of the subscription of the Company.   These funds and securities are being forwarded by Mr. Henry C. Whalen upon the distinct understanding that in the event that your company does not properly function as contemplated by the agreement between your company

and the Seacoast Mortgage Investment Company, said securities or cash to the extent of $20,000 will be returned directly to Mr. Whalen.

" The loan covered by the enclosed securities is being refinanced for $13,500 and interest by the Guaranty Mortgage Company of Los Angeles, and I understand that the closing is set for an early date. In all probability you will be requested to forward the papers to a local bank or title company for collection, in which event the securities will be converted for cash. If, however, the loan is not refinanced by the Guaranty Mortgage Company, we shall be in a position to refinance it by having the same financed under your first issue of bonds.

" Within the next few days I expect to forward an additional $5,000 either in securities or cash. The latter amount, however, does not come under the foregoing paragraphs."

To establish the allegations of the complaint, the plaintiff was entitled to show that the money or securities mentioned in the letter belonged to him; that they were received by defendant on condition that, if it failed to function, the money or securities would be returned to him. He was also entitled to prove that the whole enterprise failed completely.

The plaintiff offered in evidence the letter of November ninth and also portions of an examination before trial of the officers of the defendant and his own testimony regarding conversations with a man named Farrell. Practically all of the testimony offered regarding the conversations with Farrell was excluded, and at the close of plaintiff's case the complaint was dismissed for failure to make out a cause of action. The plaintiff very properly first established that the money and securities mentioned in the letter were received by the defendant. That was admitted by one of defendant's officers who testified that the $20,000 mentioned was received; that of this $20,000, the sum of $6,500 was cash and $13,500 was a mortgage which was afterwards paid and the proceeds thereof received by defendant.

It was also shown that the defendant received the letter notifying it that the $20,000 belonged to plaintiff and was to be returned in the event that the defendant corporation failed to transact any business. This letter was produced by the attorney for the defendant and it was shown that it came from the defendant's files. The court said: " I understand it is addressed to the defendant. Mr. Aranow: It is addressed to the defendant. The Court: And produced from the files of the defendant? Mr. Aranow: And produced from the files of the defendant. * * *."

It was then established that the defendant corporation never

transacted any business and never did function as contemplated by the agreement between the defendant and the Seacoast Mortgage Investment Company. " Q. The defendant, did it ever do any of the business of buying mortgages and issuing collateral bonds which you speak of as being the business planned when the company was formed and you became associated with it? Mr. Aranow: I make the objection that it is wholly incompetent and immaterial. The Court: I am going to take it subject to connection, with an exception to Mr. Aranow. A. No. * * * Q. Your testimony is, then, that the company never bought a mortgage as it planned and issued a bond? * * * A. Yes. The Court: That ' Yes ' means that it never did. Mr. Murphy: Never did (reading). Q. And is not now making any effort to do so. A. It is not."

In addition, the plaintiff proved that this money or the securities had never been returned, although duly demanded by him.

The greater portion of the record contains rulings on evidence due to the contention of the attorney for the defendant that the letter in evidence could not be explained or any oral testimony admitted to show under what conditions the money was received by defendant or by Farrell or the Seacoast Mortgage Investment Company, or to show Farrell's connection with that company or the defendant and whether he was an agent or otherwise connected therewith. Part only of the testimony on this subject was admitted in evidence.

" Q. Did you have a representative in California known as the Seacoast Mortgage Company? * * * A. We had an arrangement with Blair and Farrell, or Farrell and Blair, whatever they call themselves. Q. Those two gentlemen are the gentlemen mentioned in Plaintiff's Exhibit 1 for identification? A. I believe so. I will look at it. (Examining paper.) Yes, they signed it all right. We have signed it. * * * Q. Have you heard of the Seacoast Mortgage Investment Company? A. Yes. Q. Where is that company? A. I understand that their head office is in Los Angeles. Q. Do you know anybody connected. with it? A. Oh, yes. Q. Whom do you know? A. Farrell."

The plaintiff was entitled to show the entire transaction in order to establish the fact that the defendant accepted this money or the securities upon a condition which was not fulfilled and under circumstances which required its return. While it is true that the plaintiff did establish that the money belonged to him at the time it was delivered to Farrell or the Seacoast Mortgage Investment Company, and that it was delivered with the understanding that it would be returned unless the company functioned, nevertheless the plaintiff was entitled to show the relationship of the parties

and the interest of the defendant in the Seacost Mortgage Investment Company.

The letter in evidence, between third parties, was a part only of the entire transaction, and although defendant at times so contended, its counsel also insisted that it was a complete contract to the extent that evidence of the entire transaction should not be admitted. It was clearly error to exclude the evidence offered by plaintiff of conversations with Farrell, the exclusion of which requires a reversal of the judgment and the granting of a new trial.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.